## Case No. 16,498.

### UNITED STATES v. THREE CASES, MARKED A. D. 1, 2, AND 3.

[6 Ben. 558;[1] 18 Int. Rev. Rec. 173.]

District Court, S. D. New York. June, 1873.

CUSTOMS LAWS—LANDING GOODS WITHOUT PERMIT—PASSENGER'S BAGGAGE.

A passenger by a steamer from a foreign country had, among his personal baggage, three ordinary goods cases, filled with new and dutiable goods only, intended for sale as such. They were landed on the wharf with the personal baggage of the passengers. They were not named in the manifest of the vessel. No entry was made of the goods, nor had any duties on them been paid or secured to be paid; and no

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission. 18 Int. Rev. Rec. 173, contains only a partial report.]

permit had been granted to land them, except the general baggage permit issued for the vessel, which authorized the inspector on board to "examine the baggage of all the passengers, and, if nothing be found but personal baggage, permit the same to be landed, and send all other articles not permitted in due time to the appraiser's stores." The cases were seized on the wharf, and an information filed to forfeit them, under the 50th section of the act of March 2, 1799 (1 Stat. 665), as landed without a permit. *Held*, that, on the above facts, the jury must find a verdict in favor of the government.

T. Simons and R. M. Sherman, Asst. Dist. Atty., for the United States.

J. McKeon, for claimant.

BLATCHFORD, District Judge (charging jury). This is a seizure of merchandise, alleged to be forfeited under the provisions of the 50th section of the act of March 2, 1799 (1 Stat. 665), which enacts, that no goods, wares or merchandise, brought in any ship or vessel from any foreign port or place, shall be unladed or delivered from such ship or vessel, within the United States, without a permit from the collector of the port, and the naval officer, if any, for such unlading and delivery, and that, if any goods, wares or merchandise shall be unladen or delivered from any such ship or vessel contrary to the direction aforesaid, all goods, wares or merchandise so unladen or delivered shall become forfeited, and may be seized by any of the officers of the customs. The permit referred to in the 50th section is the permit mentioned in the 49th section of the same act, which enacts, that, after an entry of merchandise, and an estimation of the amount of duties on it, and the paying or securing to be paid of such duties, a permit shall be granted by the collector and the naval officer (if there be one), to land the merchandise of which entry shall have been so made, and that then, and not before, it shall be lawful to land the same. The 49th section then proceeds to prescribe the contents of such permit and enact that the form of such permit shall be so and so. Such form contains a certificate that the duties on the merchandise have been paid or secured to be paid, in conformity to the entry thereof, and a permission to land the same.

In the present case, the property seized is dutiable merchandise, intended for sale as such. It was seized after it had been landed within the United States from the vessel in which it had been brought from a foreign port. At the time of its seizure no entry had been made of it, and no duties had been paid, or secured to be paid, upon it, and no permit had been granted to land it, except such permit as I shall hereafter refer to. The owner of the merchandise came as a passenger in the vessel which brought the three cases of merchandise in question. They were ordinary goods cases, the goods were all of them new goods, and there was nothing but such

goods in the cases. The cases were taken on board of the vessel at the foreign port by their owner, with her personal baggage, and were landed on the wharf in the United States with the personal baggage of the passengers. The cases were not named in the manifest of the vessel. The only permit issued, under which it is claimed the cases could have been landed, was a baggage permit, being a filled up blank, which, as a blank, read as follows: "The inspector on board the ――― from ――― will examine the baggage of all the passengers, and, if nothing be found but personal baggage, permit the same to be landed, and send all other articles not permitted in due time to the appraiser's stores, No. 119 Greenwich street. ―――――, Naval officer. ―――――, Collector. Custom House, New York, ―――, 187–." Such a baggage permit is issued under the 46th section of the same act, which provides, that the wearing apparel and other personal baggage, of persons who arrive in the United States, shall be exempted from duty; that, to ascertain what articles ought to be exempted under such provision, due entry thereof shall be made, as of other merchandise, but separate and distinct from that of any other merchandise imported from a foreign port, and that an oath shall be taken on such entry, and, in certain cases, a bond shall be given; that, on compliance with such conditions, and not otherwise, a permit shall and may be granted for landing the said articles, provided, nevertheless, that, whenever the collector and naval officer (if any) shall think proper so to do, they may, in lieu of the foregoing provisions, direct the baggage of any person arriving within the United States to be examined by the surveyor of the port, or an inspector of the customs, and to make a return of the same; that, if any articles shall be contained therein which, in their opinion, ought not to be exempted from duty, due entry shall be made therefor, and the duties thereon paid or secured to be paid; and that, whenever any articles subject to duty shall be found in the baggage of any person arriving within the United States, which shall not, at the time of making entry for such baggage, be mentioned to the collector before whom such entry is made, by the person making the same, all such articles so found shall be forfeited.

On the arrival of a vessel from a foreign port, at her wharf here, it is usual for the officers of the customs, assuming to act under a baggage permit of the foregoing form, to allow the officers of the vessel to remove therefrom and put upon the wharf what is called the personal baggage of the passengers, before any examination thereof is made. After such landing, and not before, the nature of the contents of the packages alleged to compose such personal baggage is ascertained by the customs officers. This was the course pursued in respect to the cases in question.

I have repeatedly ruled heretofore, that

merchandise situated as was that in this case cannot be lawfully unladen or delivered from the vessel, except according to the regulations prescribed by the 49th section of the act; that the provisions of the 46th section do not apply to such merchandise; and that, if such merchandise is not unladen in compliance with the 49th section, it becomes, under the 50th section, forfeited to the United States, after it is unladen. I must, therefore, direct a verdict for the United States, condemning the merchandise in question. The ruling referred to, and that now made, is limited to a state of facts like that presented in this case; and it is not intended to decide that, if a passenger by a vessel brings with him dutiable goods for his personal use, or for gifts, or otherwise, not for sale as merchandise, and the same be landed with or among his personal baggage, in the manner before described, or under any state of facts different from that presented in this case, such goods are subject to forfeiture under the 50th section, before mentioned. But the practice of importing considerable quantities of dutiable merchandise, intended for sale, with or among personal effects, under the guise of personal baggage, is one especially dangerous to the revenue, as affording direct facilities for the commission of fraud, and is one prohibited by law. The regular provisions for the protection of the revenue, by way of manifest, invoice, entry and permit, are evaded by such practice, and a forfeiture of the merchandise is incurred. If it is incurred without wilful negligence, or any intention of fraud in the person incurring it, the secretary of the treasury has the power, under the 1st section of the act of March 3, 1797 (1 Stat. 506), to remit or mitigate the forfeiture.